UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV-08 3405

---------------------------------------------------------------X     Civil Action

FELIX PADILLA, JR.

                 Plaintiff,

   - against -

SUFFOLK COUNTY, SUFFOLK COUNTY
POLICE DEPARTMENT, BRENDAN FORTE,
and SAMMY SALEH

                 Defendants.

---------------------------------------------------------------

<u>JURY TRIAL
DEMANDED
COMPLAINT</u>

Index/Docket No.:

BIANCO, J.

LINDSAY, M.

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★   AUG 20 2008   ★

LONG ISLAND OFFICE

Plaintiff, FELIX PADILLA, JR., by his attorney, PETER E. BRILL, ESQ., complaining of

the defendant herein, upon information and belief, respectfully shows to this Court and alleges as

follows:

JURISDICTION

That at all times hereinafter mentioned, plaintiff brings this suit for a violation of

his civil rights under 42 U.S.C.A. section 1983 and within the United States Constitution and the

laws of the State of New York and this Court has jurisdiction of this action pursuant to 28 U.S.C.A.

1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate

pendant state law claims pursuant to 28 USC section 1367.

The amount of damages in controversy is THREE MILLION DOLLARS

($3,000,000.00), exclusive of interest and costs.

The venue is laid within the United States District Court for the Eastern District of

New York in that the incident arose in the Eastern District of New York.

Plaintiff demands a trial by jury on each and every one of the claims pled herein

pursuant to Fed. R. Civ. P. 38(b).

[1]

## THE PARTIES

1.     Plaintiff, FELIX PADILLA, JR., resides at 159 Oceanside Street, Islip Terrace, New York 11752.

2.     The defendant, SUFFOLK COUNTY, at all times mentioned below was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

3.     The defendant, SUFFOLK COUNTY maintains a police force known as the SUFFOLK COUNTY POLICE DEPARTMENT.

4.     That the defendant, SUFFOLK COUNTY POLICE DEPARTMENT, is an agent of defendant, SUFFOLK COUNTY.

5.     In addition to the facts alleged in the following sub paragraphs, the following defendants are all sued in their individual and official capacities and all acted within the scope of their employment and under color of state law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or Suffolk County.

6.     Defendant, BRENDAN FORTE, at all relevant times was a police officer employed by the defendant, SUFFOLK COUNTY.

7.     Defendant, SAMMY SALEH, at all relevant times was a police officer employed by the defendant, SUFFOLK COUNTY.

## NOTICE OF CLAIM

8.     Plaintiff in furtherance of his State causes of action timely filed a Notice of Claim against SUFFOLK COUNTY, in compliance with General Municipal Law Section 50. The Notice of Claim was filed on August 22, 2007 and was filed individually on behalf of the plaintiff.

9.     More than thirty (30) days has elapsed since service of the said Notice of Claim have been filed and SUFFOLK COUNTY has failed to pay or adjust the claim.

10.     A 50-h hearing was held on October 11, 2007, prior to commencing this action.

[2]

## FACTUAL ALLEGATIONS

11.     That the defendant, SUFFOLK COUNTY, its agents, servants and/or employees operated, maintained, and controlled a police force known as the SUFFOLK COUNTY POLICE DEPARTMENT, including all the police officers employed thereby.

12.     That at all times hereinafter mentioned, defendants, Sergeant BRENDAN FORTE and Police Officer SAMMY SALEH were employed by the defendant, SUFFOLK COUNTY.

13.     That on July 14, 2006 at approximately 11:30 P.M. and for sometime prior thereto, the plaintiff,   FELIX PADILLA, JR., was lawfully present at the home of Franja Lorenzo and Christian Lorenzo, located at 153 Washington Street, East Islip, State of New York. The home is located on a dead-end street.

14.     At the aforementioned time and place the plaintiff, FELIX PADILLA, JR., after learning that Police Officers had arrived and had asked the people present at the home to disperse, did leave the backyard of the aforementioned address and walked to his car, which was parked in front of the aforementioned address.

15.     At the aforementioned time and place the plaintiff, FELIX PADILLA, JR., proceeded to legally operate a motor vehicle on a public roadway.

16.     At the aforementioned time and place the plaintiff, FELIX PADILLA, JR., while remaining in his vehicle, asked a non-defendant police officer if it was possible for him (the police officer) to move his patrol car, as it blocked the roadway and plaintiff, FELIX PADILLA, JR.'s, exit. The police officer said, "No, park your car to the side. You're going to be waiting here for a while." Plaintiff, FELIX PADILLA, JR., then put the car in reverse and moved back into his parking space, leaving the car in reverse, with his foot on the brake. After five (5) to ten (10) minutes, a person known to Mr. Padilla, Tom Koslowski, was slammed up against plaintiff's car by a non-defendant police officer. Plaintiff, startled by Tom Koslowski being slammed into his

[3]

car, removed his foot from the brake pedal for a split-second. The car, being in reverse, moved back one (1) to two (2) inches before plaintiff, FELIX PADILLA, JR., re-applied his foot to the brake. Defendant, BRENDAN FORTE, shouted, reached into the car, and hit plaintiff, FELIX PADILLA, JR., on his jaw with a closed fist. Defendant, BRENDAN FORTE then reached in the car through the passenger side door and proceeded to kick plaintiff, FELIX PADILLA, JR.'s neck, shoulder, and right side of plaintiff's back with his foot in excess of five (5) times. Defendant SAMMY SALEH, along with two other police officers then proceeded to pull Plaintiff out of the car by his left arm and threw him to the ground. Plaintiff was arrested, handcuffed and was made to sit on the curb. Plaintiff asked the arresting officer, Defendant, SAMMY SALEH, to turn off plaintiff's car because it was still running. Defendant, SAMMY SALEH, proceeded to do so and when he had turned the car off, threw the keys into the face of plaintiff, FELIX PADILLA, JR., causing injury to plaintiff's lip. Plaintiff was brought to the precinct by Defendant SAMMY SALEH. While at the precinct, Defendant, BRENDAN FORTE, said that if plaintiff, FELIX PADILLA, JR., gave Defendant, SAMMY SALEH, any problems Defendant, BRENDAN FORTE would, ". . . break his fucking legs."

17. The use of physical force and excessive force on the plaintiff, FELIX PADILLA, JR., by Defendant BRENDAN FORTE and Defendant SAMMY SALEH, was without probable cause.

18. The aforementioned arrest and simultaneous use of excessive physical force by Defendant BRENDAN FORTE and Defendant SAMMY SALEH were performed knowingly, intentionally, and willfully.

19. The aforementioned arrest and simultaneous use of excessive physical force by Defendant BRENDAN FORTE and Defendant SAMMY SALEH were performed negligently and recklessly.

[4]

20.     The aforementioned arrest and simultaneous use of excessive physical force by Defendant BRENDAN FORTE and Defendant SAMMY SALEH were performed without reason or provocation.

21.     The aforementioned arrest and simultaneous use of physical excessive physical force by Defendant BRENDAN FORTE and Defendant SAMMY SALEH caused personal injuries to the plaintiff, FELIX PADILLA, JR.

22.     At no time during the events described above or as the events occurred did the defendant officers have probable cause for the arrest and simultaneous use of physical force against plaintiff, FELIX PADILLA, JR.

23.     At no time during the events described above or as the events occurred did the defendant officers have probable cause for the arrest of plaintiff, FELIX PADILLA, JR., and there was no legal cause or excuse for his seizure.

24.     The actions of all individual defendants were performed within the scope of their employment and authority for whose acts of the defendant, SUFFOLK COUNTY and THE SUFFOLK COUNTY POLICE DEPARTMENT, are liable under the doctrine of respondeat superior.

25.     By reason of the use of physical force against plaintiff, FELIX PADILLA, JR., was caused to suffer physical injuries and pain and suffering; emotional and psychological distress and horror.

[5]

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR. FOR CIVIL RIGHTS VIOLATION - 42 U.S.C.A. 1983

26.   The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "25" inclusive with the same force and effect as if more fully set forth at length herein.

27.   The actions of defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, acting under color of law and within the scope of their authority, deprived the plaintiff, FELIX PADILLA, JR., of liberty without due process and without reasonable cause, and was an unreasonable search and seizure in violation of 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws.

28.   The defendants had deprived the plaintiff, FELIX PADILLA, JR., by their actions, of his civil rights as guaranteed by statute.

29.   That the physical force was in violation of the civil rights of the plaintiff, FELIX PADILLA, JR., more particularly, 42 U.S.C.A. Section 1983 as well as other applicable state and federal laws, including the first (1st), the fourth (4th) and fourteenth (14th) Amendment to the United States Constitution.

30.   That the deprivation by the defendants of plaintiff's civil rights was a result of the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, Sergeant BRENDAN FORTE and P.O. SAMMY SALEH, acting under color of law and within the scope of their authority as law enforcement officers within the employ of the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT.

31.   The defendants, Sergeant BRENDAN FORTE and P.O. SAMMY SALEH, conspired with one another to deprive the plaintiff, FELIX PADILLA, JR., of his constitutional

[6]

rights, including the rights: to be free from the intentional use of unreasonable force; to be free from unreasonable search and seizure, and to be free from unreasonable and excessive force.

32.     The defendants further violated the civil rights of the plaintiff, FELIX PADILLA, JR., by conspiring to cover up the use of physical force used against the plaintiff, FELIX PADILLA, JR. Defendants engaged in a fabrication as to the acts and events leading up to and resulting in the use of physical force against the plaintiff, FELIX PADILLA, JR.,

33.     That the defendants' actions were not privileged or immune.

34.     That the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, Sergeant BRENDAN FORTE and P.O. SAMMY SALEH, were not acting with immunity when they deprived the plaintiff, FELIX PADILLA, JR., of his civil rights.

35.     By reason of the foregoing, the plaintiff, FELIX PADILLA, JR., demands judgment for civil rights violation against the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, in the sum of $500,000.00 (five hundred thousand dollars).

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR. FOR FALSE ARREST UNDER 42 U.S.C. 1983

36.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "35" inclusive with the same force and effect as if more fully set forth at length herein.

37.    That on July 14, 2008, the defendants, Sergeant BRENDAN FORTE and P.O. SAMMY SALEH, as agents, servants and/or employees of the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, who were working within the scope of employment and authority with the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, when they arrested and confined the plaintiff, FELIX PADILLA, JR.

38.    That the arrest and confinement was without probable cause nor based on reasonable grounds and not founded upon an arrest warrant.

39.    That the arrest and confinement of the plaintiff, FELIX PADILLA, JR., occurred after he was punched and kicked multiple times and sustained personal injuries along with humiliation, shame, indignity, damage to reputation and credit and suffered emotional and physical distress and injuries.

40.    Upon information and belief, plaintiff, FELIX PADILLA, JR., was searched at the police precinct after being arrested without probable cause.

41.    As a result of this unlawful search, plaintiff, FELIX PADILLA, JR.'s constitutional right to privacy was violated and he sustained emotional injuries.

42.    By reason of the foregoing, the plaintiff, FELIX PADILLA, JR., demands judgment for unlawful search against the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, in the sum of $500,000.00 (five hundred thousand dollars).

[8]

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR. FOR MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

43.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "42" inclusive with the same force and effect as if more fully set forth at length herein.

44.    Defendants misrepresented and falsified evidence before the Suffolk County District Attorney.

45.    Defendants did not make a complete and full statement of facts to the Suffolk County District Attorney.

46.    Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, FELIX PADILLA, JR.

47.    Defendants lacked probable cause to initiate criminal proceedings against plaintiff, FELIX PADILLA, JR.

48.    Defendants acted with malice in initiating criminal proceedings against plaintiff, FELIX PADILLA, JR.

49.    Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, FELIX PADILLA, JR.

50.    Defendants lacked probable cause to continue criminal proceedings against plaintiff, FELIX PADILLA, JR.

51.    Defendants acted with malice in continuing criminal proceedings against plaintiff, FELIX PADILLA, JR.

52.    Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

[9]

53.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff, FELIX PADILLA, JR.'s favor when all charges were dismissed after trial.

54.     By reason of the foregoing, the plaintiff, FELIX PADILLA, JR., demands judgment for malicious prosecution against the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, in the sum of $500,000.00 (five hundred thousand dollars).

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR. FOR PUNITIVE DAMAGES

55.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "54" inclusive with the same force and effect as if more fully set forth at length herein.

56.     The actions of the defendants herein above alleged, were malicious, willful and grossly negligent.

57.     The defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, authorized, permitted and ratified the unlawful and negligent acts of defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, its agents, servants and/or employees, herein above alleged.

58.     By reason of the foregoing, the plaintiff, FELIX PADILLA, JR., demands judgment for punitive damages against the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, in the sum of $500,000.00 (five hundred thousand dollars).

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR., -- NEGLIGENCE

59.     The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "58" inclusive with the same force and effect as if more fully set forth at length herein.

60.     That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O.  BRENDAN FORTE and P.O. SAMMY SALEH, both directly and vicariously.

61.     Such negligence consisted of negligence in training, hiring, supervision, and retention of the police officers involved in this incident; in failing to observe the existing police department protocols for police officers designed to govern the use of physical force causing injuries both physical and emotional, deprived plaintiff's civil rights, privileges and immunities secured under the Constitutions of the United States of America and State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers; failing to properly investigate their background; in failing to train and instruct police officers, especially regarding the abuse of power while in the field; in failing to give police officers proper instructions on the use of force; improperly supervised police officers in the field, including the police officers as well as in the staffing, administration and processing of persons suspected of violation of the criminal laws of the State of New York which allowed physical force to be used against the plaintiff, FELIX PADILLA, JR., which resulted in injuries, both mental and physical, to the plaintiff.

[11]

62.    The defendants, SUFFOLK COUNTY, SUFFOLK COUNTY POLICE DEPARTMENT, through its agents, servants, employees and the police officers involved, defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, were negligent, reckless and careless in the use of physical force against plaintiff, FELIX PADILLA, JR.

63.    As the result of said negligence, the plaintiff, FELIX PADILLA, JR., was caused to suffer physical injuries and pain and suffering; emotional and psychological distress and horror.

64.    By reason of the foregoing, the plaintiff, FELIX PADILLA, JR. demands judgment for negligence against the defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH in the sum of $500,000.00 (five hundred thousand dollars).

parmesan

## AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, FELIX PADILLA, JR., -- NEGLIGENT HIRING AND RETENTION

65.    The plaintiff repeats and realleges each and every allegation set forth above numbered "1" through "64" inclusive with the same force and effect as if more fully set forth at length herein.

66.    The defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of the defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, as to the use of physical violence used against plaintiff, FELIX PADILLA, JR.

67.    That the defendants, SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, had prior knowledge of the inappropriate, unlawful, and improper conduct of the defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH, and continued to employ them and allowed them to be in contact with the public at large.

68.    By reason of the foregoing, the plaintiff, FELIX PADILLA, JR. demands judgment for negligent hiring and retention against the defendants SUFFOLK COUNTY and SUFFOLK COUNTY POLICE DEPARTMENT, including but not limited to defendants, P.O. BRENDAN FORTE and P.O. SAMMY SALEH in the sum of $500,000.00 (five hundred thousand dollars).

[13]

**WHEREFORE**, plaintiff, FELIX PADILLA, JR., **for civil rights violation**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **First Cause of Action;** plaintiff, FELIX PADILLA, JR., **for false arrest and imprisonment**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Second Cause of Action;** plaintiff, FELIX PADILLA, JR., **for malicious prosecution**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Third Cause of Action;** plaintiff, FELIX PADILLA, JR., **for punitive damages**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fourth Cause of Action;** plaintiff, FELIX PADILLA, JR., **for negligence**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Fifth Cause of Action;** plaintiff, FELIX PADILLA, JR., **for negligent hiring and retention**, demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts on the **Sixth Cause of Action;** together with attorneys' fees, and the costs and disbursements of this action.

DATED:      New York, New York
            August 19, 2008

Yours, etc.

PETER E. BRILL, ESQ.
BRILL LEGAL GROUP, P.C.
Attorneys for Plaintiff
225 Broadway, 32nd Floor
New York, NY 10006

[14]

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK        )
                         ) SS:
COUNTY OF NEW YORK  )

       FELIX PADILLA, JR., being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing COMPLAINT and knows the contents hereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes them to be true.

                                         _____
                                         FELIX PADILLA, JR.

Sworn to before me this
20th day of August, 2008

_____
NOTARY PUBLIC
Peter C. Brill
Commission Expires 6/10

[15]